# HANDEL *v.* LANE.

PUBLIC LANDS; MANDAMUS.

Mandamus will not lie to compel the Secretary of the Interior to issue to the relators a patent for coal land which they entered when it was still unreserved, unsurveyed, and unclassified public land, although after its classification as coal land and appraisal they applied to purchase it and conformed to the requirements of secs. 2347 and 2348, U. S. Rev. Stat. Comp. Stat. 1913, secs. 4659, 4660, which permit the entry of coal lands upon payment of prices per acre therein specified and give a preferential right of entry to persons who have opened and improved, and shall thereafter open and improve, any coal mine upon such lands, and shall be in actual possession of the same,—where the Secretary's refusal to issue a patent to the relators was based upon the ground that not having opened a mine on the land until after its classification and appraisal, they would have to pay the appraised price of the land, and not the price fixed by the statute.

No. 2952. Submitted October 3, 1916. Decided November 14, 1916.

HEARING on an appeal by the relators from a judgment of the Supreme Court of the District of Columbia, dismissing a petition for a writ of mandamus to compel the Secretary of the Interior to issue a patent for coal lands of the relators.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellants Fred W. Handel and Mae Handel, filed a petition in the supreme court of the District of Columbia for a writ of mandamus to compel Franklin K. Lane, the Secretary of the Interior of the United States, to issue them a patent for cer-

NOTE.—On character and extent of relief by mandamus against an officer vested with discretion who has rendered a decision upon a ground not within his discretion, see note in 7 L.R.A.(N.S.), particularly at page 527.

tain coal lands located in the state of Montana. From the order dismissing the petition, relators have appealed.

It appears that relators took possession of the land in question in the fall of 1907, when it was still unreserved, unsurveyed, and unclassified public lands of the United States. They complied with all the requirements of the law with respect to mere possessory claimants upon the land to entitle them to enter the same as coal land under the acts of Congress, as soon as surveyed. The survey was made in June, 1909, and in July following relators filed a declaratory statement for the land. April 19, 1910, the land was classified as coal land, and appraised at prices ranging from $72 to $80 an acre.

May 21, 1910, relators made application to purchase the land, and in July following paid to the register and receiver of the local land office $20 per acre, instead of the appraised price.

*Mr. W. P. Fennell,* for the appellants:

1. Sections 2347 and 2348, U. S. Rev. Stat. confer a right of entry, not a power of sale.

2. Act of June 25, 1910, gives authority to classify, not appraise.

3. The Secretary may not add anything to these statutes, nor supply a method to carry out a supposed intent, where none is prescribed in the statute. Mr. Justice Story in *Smith* v. *Rines,* 2 Sumn. 338, Fed. Cas. No. 13,100; *United States* v. *George,* 228 U. S. 21; *United States* v. *Goldenberg,* 168 U. S. 103; *Rosencrans* v. *United States,* 165 U. S. 263; *Re Wise,* 93 Fed. 445; *Thornley* v. *United States,* 113 U. S. 315; *United States* v. *Temple,* 105 U. S. 99; *International Bank* v. *Sherman,* 101 U. S. 406; *Leavenworth, etc., R. Co.* v. *United States,* 92 U. S. 751; *United States* v. *Union P. R. Co.* 91 U. S. 85; *United States* v. *Hewecker,* 79 Fed. 64; *Murphy* v. *United States,* 68 Fed. 911; *Northern P. R. Co.* v. *Sanders,* 46 Fed. 249, 47 Fed. 604; *Virginia Coupon Cases,* 25 Fed. 645; *United States* v. *Bassett,* 2 Story, 403; *Griffin's Case,* 13 Ct. Cl. 258; *Ex*

*parte Lange,* 85 U. S. 875; *United States* v. *United Verde Coffee Co.* 196 U. S. 207.

4. Effect of contemporaneous construction long in force. *Clinton* v. *Conant,* 29 Land Dec. 637, 13 Land Dec. 399, 1 Land Dec. 689; *United States* v. *Johnson,* 124 U. S. 236; *United States* v. *McMillan,* 165 U. S. 515; *Bale Ref. Co.* v. *Sulzberger,* 157 U. S. 1.

5. The Secretary is not a real estate agent whose duty it is to get the highest possible price for his principal. *United States* v. *Trinidad Coal Co.* 137 U. S. 170; *El Paso Brick Co.* v. *McNight,* 233 U. S. 259; *Osborn* v. *Froyseth,* 216 U. S. 571.

6. Executive discretion is not unlimited. Must not be arbitrary. *Cornelius* v. *Kessel,* 128 U. S. 461; *United States* v. *George,* 228 U. S. 21; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Ballinger* v. *United States; Daniels* v. *Wagner,* 237 U. S. 557; *Hoglund* v. *Franklin K. Lane,* W. L. R.

7. Comparison with other statutes conferring power of sale *pari materia.* 41 Land. Dec. 398, 43 Land Dec. 520.

8. Section 2348 contains no reference to price and no preference right is involved in this case.

9. Rights conferred by Congress not to depend upon policy of administration.

10. Official reports and speeches by individual members of Congress are not authority.

11. Development not price, the intent of Congress. *United States* v. *Universal Coal Co.* 137 U. S. 170; *El Paso Brick Co.* v. *McNight,* 233 U. S. 259.

12. Mandamus lies in this case: *Marbury* v. *Madison,* 1 Cranch, 137; *United States* v. *Schurz,* 102 U. S. 167; *Roberts* v. *United States,* 176 U. S. 445; *Butterworth* v. *United States,* 112 U. S. 657; *United States* v. *Black,* 128 U. S. 40–48; *Brownsville* v. *Loague,* 129 U. S. 493; *United States ex rel. West* v. *Hitchcock,* 19 App. D. C. 333; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Semon* v.

*Calivert,* 27 Wash. 679; *Svan Hoglung* v. *Franklin K. Lane,* Wash. L. Rep.

Mr. *Alexander T. Vogelsang* and Mr. *C. Edward Wright,* for the appellee, in their brief cited:

*Brown Bear Coal Asso.* 42 Land Dec. 320; *Clinton S. Conant,* 29 Land Dec. 637; *Com* v. *Brown,* 210 Pa. 29; *Drake* v. *State,* 5 Tex. App. 649; *Hankins* v. *People,* 106 Ill. 628; *Wm. G. Plested,* 40 Land Dec. 610; *Plested* v. *Abbey,* 228 U. S. 42; *Rusch* v. *Davenport,* 6 Iowa, 443; *Stewart* v. *Griswold,* 134 Mass. 391; *Stimson* v. *Pond,* Fed. Cas. No. 13,455; *United States* v. *Midwest Oil Co.* 236 U. S. 459; *United States* v. *Munday,* 222 U. S. 175; *United States* v. *Trinidad Coal Co.* 137 U. S. 170; *Worth* v. *Peck,* 7 Pa. 268.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The provisions of the law here involved are embraced in secs. 2347 and 2348, U. S. Rev. Stat. Comp. Stat. 1913, secs. 4659, 4660. Section 2347 provides that "every person above the age of twenty-one years, who is a citizen of the United States, or who has declared his intention to become such, or any association of persons severally qualified as above, shall, upon application to the register of the proper land-office, have the right to enter, by legal subdivisions, any quantity of vacant coal lands of the United States not otherwise appropriated or reserved by competent authority, not exceeding one hundred sixty acres to such individual person, or three hundred and twenty acres to such association, upon payment to the receiver of not less than ten dollars per acre for such lands, where the same shall be situated more than fifteen miles from any completed railroad, and not less than twenty dollars per acre for such lands as shall be within fifteen miles of such road."

The portion of sec. 2348, U. S. Rev. Stat. material reads as follows: "Any person or association of persons severally qualified, as above provided, who have opened and improved, or

shall hereafter open and improve, any coal mine or mines upon the public lands, and shall be in actual possession of the same, shall be entitled to a preference-right of entry, under the preceding section, of the mines so opened and improved."

When the case came before the Secretary for final approval, he held that relators were not "entitled to a preference right of entry," since, upon the proofs adduced, they had not opened a coal mine within the requirements of the statute. The decision was based upon a prior departmental decision in the case of *Re Brown Bear Coal Asso.* 42 Land Dec. 320, wherein it was held that, "where a tract of land was classified and appraised after the opening and improving of a mine of coal thereon, the filing of a declaratory statement, and the making of the expenditure required by sec. 2348, Revised Statutes, the applicant is entitled to purchase at the price existent at the date of the opening and improving of the mine."

Had relators had a mine opened and improved prior to the date of classification and valuation of the land, under the ruling in the Brown Bear Case they would have been entitled to the land at the minimum price of $20 per acre, but, not having such a mine, it was held that they must pay the appraised price.

Counsel for relators takes the broad ground that the Secretary is without legal authority to make an appraisement of coal lands and charge entrymen in excess of the minimum price named in the statute,—$20 per acre when the land is located within 15 miles of any completed railroad, or $10 per acre when situated more than 15 miles from such railroad,—and that his action, being without authority of law, is void. It can only be on this broad contention that the petition here could be entertained.

We think, however, that the action of the Secretary in withholding the patent to this land has not been of that purely arbitrary character which would justify the issuance of a writ of mandamus to compel the issuance and delivery of a patent. The Secretary is given by law general supervision and control of the disposition of the public lands of the United States, and,

when not expressly limited by statute, his rulings and decision, if based upon reasonable regulations promulgated by authority of law expressly vested in him (U. S. Rev. Stat. sec. 2351, Comp. Stat. 1913, sec. 4663), or upon the construction or interpretation of a statute, will not be controlled by any extraordinary process of the courts. The jurisdiction of the Secretary of the Interior, as head of the Land Department, has been clearly defined in numerous decisions. In *Brown* v. *Hitchcock,* 173 U. S. 473, 476, 43 L. ed. 772, 773, 19 Sup. Ct. Rep. 485, it was held that "until the legal title to public lands passes from the government, inquiry as to all equitable rights comes within the cognizance of the Land Department." In the earlier case of *United States* v. *Schurz,* 102 U. S. 378, 396, 26 L. ed. 167, 171, the court said: "Congress has also enacted a system of laws by which rights to these lands may be acquired, and the title of the government conveyed to the citizen. This court has with a strong hand upheld the doctrine that so long as the legal title to these lands remained in the United States, and the proceedings for acquiring it were as yet *in fieri,* the courts would not interfere to control the exercise of the power thus vested in that tribunal. To that doctrine we still adhere."

We think, in the light of the rule so long adhered to in the courts of the United States, the Secretary, acting in his quasi judicial capacity, was called upon to construe the acts of Congress here in question, and his decision is not subject to review in this proceeding. Though the construction placed upon the act of Congress may be erroneous,—a question upon which we are not called to decide,—so long as the construction was a possible one, it is not subject to review in mandamus. *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356.

Complaint is made that the relators, if denied the writ prayed in the present action, are left without a remedy. The Congress has made the decisions of the Secretary of the Interior final on all matters relating to the disposition and sale of the public lands, so long as title remains in the United States. If this

amounts to a legislative injustice, Congress, and not the courts, can correct it. The courts are powerless to create a remedy.

The judgment is affirmed with costs. *Affirmed.*